**E-FILED on** 1/15/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

GARY W. HAYNIE,

    Plaintiff,

v.

DOWNTOWN SUPERIOR COURT, PEYTON SCHULER,

    Defendants.

No. C 08-5457 RMW

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

[Re Docket No. 19]

Defendants Superior Court of California, County of Santa Clara (erroneously sued as Downtown Superior Court) and Peytie Schuler (erroneously sued as Peyton Schuler) move to dismiss the complaint under Rule 12(b)(6) on the grounds that plaintiff has not alleged a valid federal claim and that plaintiff's claims are barred by the Rooker-Feldman doctrine. Plaintiff Haynie, pro se, opposes the motion to dismiss. Having considered the papers submitted by the parties, and the arguments at the hearing, and for good cause appearing, defendants' motion to dismiss is granted.

Plaintiff's complaint centers on allegations that defendant Schuler, a court reporter for the Superior Court, did not accurately transcribe a hearing and intentionally edited the transcript to delete evidence. The complaint also appears to take issue with the Superior Court's order finding

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS—No. C 08-5457 RMW
TER

plaintiff to be a vexatious litigant, and a subsequent decision by Presiding Judge Gallagher declining to permit plaintiff to file his proposed action based on the court reporter's transcript.

The complaint fails to state a claim upon which relief may be granted. Moreover, to the extent the complaint seeks to challenge the decision of the Superior Court declining plaintiff leave to file a complaint under the vexatious litigant order previously entered, plaintiff's remedy is to appeal, not to file an action in federal court challenging the state court's action. Under the Rooker-Feldman doctrine, federal courts do not have jurisdiction to review judgments or final determinations of state courts. *Worldwide Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir. 1986).

Accordingly, defendants' motion to dismiss is granted. It does not appear that plaintiff could allege any set of facts that would give rise to a claim for relief against these defendants, such that granting leave to amend would be futile. Therefore, the dismissal is without leave to amend.

DATED: 1/15/10

*Ronald M. Whyte*

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Defendants:**

**Paul T. Hammerness**
Email: paul.hammerness@doj.ca.gov

**A Copy of this document has been mailed to:**

**Plaintiff (Pro Se):**

**Gary W. Haynie**
545 Sobrato Drive
Campbell, CA 95008-4631

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 1/15/10                                              TER
                                                                                    **Chambers of Judge Whyte**